UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LISA M. BLEICHERT,

                Plaintiff,

v.                                                          1:18-CV-0611

                                                               (GTS/CFH)

NEW YORK STATE EDUCATION
DEPARTMENT, OFFICE OF HUMAN
RESOURCES,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LISA M. BLEICHERT
  Plaintiff, *Pro Se*
135 Hathorn Boulevard
Saratoga Springs, New York 12866

LETITIA A. JAMES                                      BRIAN W. MATULA, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently pending before the Court, in this *pro se* employment civil rights action filed by Lisa M. Bleichert ("Plaintiff") against New York State Education Department, Office of Human Resources ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 8.) For the reasons set forth below, Defendant's motion is granted.

I. **RELEVANT BACKGROUND**

   A. **Plaintiff's Claims**

   Generally, liberally construed, Plaintiff's Complaint alleges that Defendant intentionally discriminated against her based on her age by failing to promote her, retaliating against her, and harassing her. (*See generally* Dkt. No. 1 [Pl.'s Compl.].) More specifically, Plaintiff alleges that, due to her age, Defendant intentionally (1) improperly conducted job interviews after she applied for a promotional position in 2016, (2) bullied and harassed her after she called the New York State Department of Civil Service to inquire about the improper interview process, (3) banned her from her work building for seven and one-half weeks in April 2017, (4) improperly informed her that she would need a doctor's note to return to work, and (5) forced her to do degrading work upon her return. (*Id.*)

   Based on these factual allegations, Plaintiff's Complaint asserts the following three claims: (1) a claim that Defendant violated the Age Discrimination in Employment Act ("ADEA") by intentionally discriminating against her based on her age; (2) a claim that Defendant violated the ADEA by retaliating against her after she reported the discrimination; and (3) a claim that Defendant violated the New York State Human Rights Law by discriminating against her based on her age. (*Id.*) Familiarity with the remaining factual allegations supporting these three claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

   B. **Parties' Briefing on Defendant's Motion to Dismiss**

   Generally, in support of its motion to dismiss, Defendant asserts the following four arguments: (1) Plaintiff's claims are barred by the doctrine of sovereign immunity under the Eleventh Amendment absent either congressional abrogation of New York State's sovereign

immunity or New York State's unequivocal waiver of that sovereign immunity, neither of which occurred here; (2) Plaintiff's failure-to-promote claim began to accrue on the date on which she was notified that she would not be considered for the promotion (May 13, 2016, which was more than 300 days before she filed her claim with the Division of Human Rights or the EEOC) and thus her claim is barred by the statute of limitations; (3) to the extent the Court reads Plaintiff's Complaint as asserting violations of the New York State Human Rights Law or as an appeal from the Division of Human Rights dismissal, the Court lacks subject-matter jurisdiction over those state law claims; and (4) Plaintiff's Complaint fails to state a cause of action for age discrimination and retaliation because (a) Plaintiff failed to plead facts plausibly suggesting that age played a role in any decision making, and (b) Plaintiff failed to plead facts plausibly suggesting that she was retaliated against given that (i) she did not allege facts plausibly suggesting that she engaged in protected activity, (ii) the alleged adverse employment action, namely disagreements with coworkers and supervisory staff, was identical in nature to Plaintiff's complaints about her coworkers and supervisors before her complaint to the Division of Human Rights, and (iii) she did not allege facts plausibly suggesting a causal connection between the alleged retaliation and her alleged protected activity. (Dkt. No. 8, Attach. 1 [Def.'s Mem. of Law].)

Generally, in opposition to Defendant's motion to dismiss, Plaintiff asserts the following five arguments: (1) Plaintiff's claims are not barred by the doctrine of sovereign immunity; (2) Plaintiff's failure-to-promote claims were timely because (i) they began to accrue on October 6, 2016, when she was informed that another individual was given the promotion, which was within 300 days of her Division of Human Rights filing, and (ii) in any event, the doctrine of

equitable tolling applies because Defendant sought to conceal that it had hired Salisbury; (3) the Court should exercise equitable subject-matter jurisdiction over Plaintiff's appeal of the Human Rights Division's dismissal because Plaintiff should have a fair opportunity to demonstrate that Defendant's reason for refusing to promote was pretexual and was actually due to age discrimination; (4) the Complaint asserts a cause of action for age discrimination because it alleges that (a) Plaintiff was 54 years old at the relevant time, (b) Plaintiff had been working as the Health Benefits Administrator for Defendant from December 2014 through September 21, 2016, (c) the position remained open and Defendant continued to seek applications from individuals with the same qualifications as Plaintiff, (d) Plaintiff was bullied and harassed by the Office of State Aid, Office of Human Resources, and Office of Labor Relations, and (e) Plaintiff was banned from her place of employment for seven-and-one-half weeks, during which her HIPAA rights were violated; and (5) the Complaint asserts a cause of action for retaliation because it alleges that, after Plaintiff called Civil Service to ask whether Salisbury was promoted, (a) she was bullied and harassed by her supervisors in the Office of State Aide and Director of Labor Relations, (b) she was banned from her place of employment until she provided Defendant a letter from her doctor stating she was fit to return to work and was examined by the New York State Employee Health Services doctor, (c) Defendant informed Plaintiff that if her accumulated hours of sick, vacation, personal, and sick-at-half-pay time elapsed that Human Resources and Labor Relations would make a decision about the future of Plaintiff's employment, (d) Defendant refused the first letter from Plaintiff's doctor, which violated HIPAA law, and (e) Human Resources shared medical information with Plaintiff's

supervisor, who then used that information to assign Plaintiff degrading work. (Dkt. No. 11 [Pl.'s Opp'n Mem. of Law].)

Generally, in its reply, Defendant asserts three arguments: (1) Plaintiff failed to allege any facts that would plausibly suggest that age or complaints of discrimination contributed towards any action taken against her because (a) Plaintiff's recitation of her age is insufficient and nothing in her opposition demonstrates how being 54 years old had anything to do with her other allegations, (b) Plaintiff characterizes her call to Civil Service as an inquiry about whether or nor Salisbury had been promoted, as opposed to a complaint alerting Defendant to alleged discriminatory conduct, and (c) there is no causal connection between Plaintiff's call to Civil Service and the alleged acts that took place following the call, which were of the same nature as those alleged to have taken place before the alleged call; (2) Plaintiff's claims are barred by the doctrine of sovereign immunity pursuant to *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000), which post-dates the cases cited by Plaintiff in her opposition memorandum of law; and (3) Plaintiff's failure-to-promote claim was untimely because (a) such a claim accrues when the plaintiff had notice of the injury, not when she became aware of facts substantiating a claim of discrimination, and thus Plaintiff's claim accrued on May 13, 2016, when she was advised she would not be considered for the position rather than when she became aware Salisbury had been hired for the position, and (b) Plaintiff does not identify any acts that suggest a purposeful concealment as opposed to being repeatedly informed that she would not be considered for the position. (Dkt. No. 13 [Def.'s Reply Mem. of Law].)

Four-and-one-half months after briefing closed on Defendant's motion, Plaintiff filed a letter-motion requesting to submit additional evidence in support of her case for the Court's

5

consideration. (Dkt. No. 14.) By Text Order dated January 29, 2019, the Court granted in part and denied in part Plaintiff's request. (Dkt. No. 15.) Pursuant to that Text Order, the Court has reviewed Plaintiff's letter-motion and attached exhibits for purposes of this motion to the extent that (1) it requests that the Court consider documents that are attached to it that are either incorporated by reference in, or integral to, Plaintiff's Complaint, and (2) it requests that the Court consider allegations contained in her motion papers that are consistent with those in her Complaint (which is expressly based on events occurring before the date of signing, May 24, 2018). (*Id.*)

## II. GOVERNING LEGAL STANDARD

### A. Legal Standards Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### B. Legal Standards Governing Motions to Dismiss for Failure to State a Claim

"A motion to dismiss on the basis that an action is barred by the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)." *Garner v. DII Indus., LLC*, 08-CV-6191, 2010 WL 456801, at *1 (W.D.N.Y. Feb. 4, 2010) (citing *Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 [2d Cir. 1989]).

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

---

[1] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

9

Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

However, complaints by *pro se* parties are accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.

## III. ANALYSIS

### A. Whether Plaintiff's Claims Pursuant to the ADEA are Barred by the Doctrine of Sovereign Immunity

After carefully considering the matter, the Court grants Defendant's motion to dismiss for the reasons stated in Defendant's memoranda of law. (Dkt. No. 8, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 13 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

In *Kimel v. Florida Bd. of Regents*, the Supreme Court held that the ADEA "did not validly abrogate States' Eleventh Amendment immunity from suits by private individuals," and found that a group of employees was thereby prohibited from suing their state employer in federal court for an alleged violation of the ADEA. *Kimel v. Florida Bd. of Regents*, 582 U.S. 62, 91 (2000). The Supreme Court indicated that, although "the ADEA contains a clear statement of Congress' intent to abrogate the States' immunity, that abrogation exceeded

---

2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

Congress' authority under § 5 of the Fourteenth Amendment" and therefore was not valid. *Rooney v. Capital Dist. Transp. Auth.*, 109 F. Supp. 2d 86, 98 (N.D.N.Y. 2000) (Hurd, J.) (citing *Kimel*, 528 U.S. at 90-91); *see also Skalafuris v. City of New York*, 444 F. App'x 466, 467-68 (2d Cir. 2011) (holding that the plaintiff's ADEA claim was barred by sovereign immunity pursuant to *Kimel*); *Darcy v. Lippman*, 356 F. App'x 434, 436 (2d Cir. 2009) (holding that the plaintiff's ADEA claim was barred by sovereign immunity and there was no suggestion that the state consented to be sued under the statute). Consequently, because there is no valid Congressional abrogation of the New York State's immunity in the ADEA and no evidence that New York State otherwise waived that immunity, Defendant is entitled to sovereign immunity for claims brought against it pursuant to the ADEA so long as it qualifies as an agency of New York State.

It is well established that the New York State Education Department is an agency of the State of New York, and thus an arm of the state for purposes of sovereign immunity. N.Y. Educ. Law §101; *see also Mamot v. Bd. of Regents*, 367 F. App'x 191, 192-93 (2d Cir. 2010) (finding that the New York State Education Department is an agency of the State of New York and thus entitled to immunity under the Eleventh Amendment); *accord Jacobs v. Mostow*, 271 F. App'x 85, 88 (2d Cir. 2008); *United States v. City of Yonkers*, 96 F.3d 600, 619 (2d Cir. 1996); *Sherman v. Harris*, 11-CV-4385, 2012 WL 4369766, at *6 (E.D.N.Y. Sept. 24, 2012); *Alleyne v. New York State Educ. Dep't*, 691 F. Supp. 2d 322, 335-36 (N.D.N.Y. 2010) (Sharpe, J.); *Hayes v. Williamsville Cent. Sch. Dist.*, 506 F. Supp. 2d 165, 169 (W.D.N.Y. 2007); *Curto v. Smith*, 248 F. Supp. 2d 132, 145 (N.D.N.Y. 2003) (Scullin, C.J.); *Bd. of Edu. of Pawling Cent. Sch. Dist. v. Schutz*, 137 F. Supp. 2d 83, 87 (N.D.N.Y. 2001) (Hurd, J.). As a result, Defendant is entitled to sovereign immunity under the Eleventh Amendment.

For all of these reasons, the Court finds that Plaintiff's claims pursuant to the ADEA are barred by the doctrine of sovereign immunity and therefore must be dismissed. Because the defect in this claim is substantive and not merely formal, the Court finds that better pleading will not cure it; thus, the claims are dismissed with prejudice.

### B. Whether Plaintiff's Claims Under the New York State Human Rights Law Are Barred by the State's Law Election-of-Remedies Limitation

After carefully considering the matter, the Court grants Defendant's motion to dismiss Plaintiff's state law claims for the reasons stated in Defendant's memoranda of law. (Dkt. No. 8, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 13 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

The Complaint explicitly states that, "[t]his action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age." (Dkt. No. 1, at 2.) The Complaint does not list any other statutory basis for Plaintiff's allegations. (*See generally id.*) However, because Plaintiff is proceeding *pro se* in this action, the Court must construe her Complaint liberally. *See McLoud v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (noting that the Second Circuit's policy is to "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."). To the extent that Plaintiff is also asserting claims pursuant to the New York State Human Rights Law ("NYSHRL"), the Court finds that it lacks subject-matter jurisdiction over those claims pursuant to the election-of-remedies provision of N.Y. Exec. L. §297(9).

Section 297(9) of the New York Executive Law provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . and such other remedies as may be appropriate . . . unless such person had filed a complaint hereunder with any local commission on human rights . . . ." N.Y. Exec. Law §297(9). "When a plaintiff elects to pursue claims of discrimination through administrative proceedings before the [DHR], [N.Y. Exec. Law §297(9)] 'poses an insuperable jurisdictional bar' to subsequently raising those claims of discrimination in court." *Morris v. Bellevue Hosp. Ctr.*, 09-CV-5692, 2012 WL 5932784, at *4 (E.D.N.Y. Nov. 27, 2012) (quoting *Smith-Henze v. Edwin Gould Servs. for Children & Families*, 06-CV-3049, 2006 WL 3771092, at *3 [S.D.N.Y. Dec. 21, 2006]). "Thus, Plaintiff's election of remedies deprives the Court of subject matter jurisdiction over the state law claim of discrimination." *Morris*, 2012 WL 5932784, at *4 (internal quotations omitted); *see also Skalafuris*, 444 F. App.'x at 467 (affirming the District Court's finding that the plaintiff's claim pursuant to the NYSHRL was barred where he had filed a complaint with the New York State Division of Human Rights that had not been dismissed). "The only exceptions to this jurisdictional bar are when the complaint has been dismissed on grounds of administrative convenience, on grounds of untimeliness, or on grounds that the election of remedies is annulled." *Morris*, 2012 U.S. Dist. LEXIS 168076, 2012 WL 5932784, at *4 .

In her Complaint, Plaintiff alleges that "I took my case to the NYS Division of Human Rights ["NYSDHR"] . . . ." (Dkt. No. 1, at 4; Dkt. No. 1, Attach. 3, at 35-37.) She also alleges that the NYSDHR determined that "there was NO PROBABLE CAUSE" pursuant to a decision dated January 18, 2018. (Dkt. No. 1, at 33.) These factual allegations, taken as true, plausibly

14

suggest that Plaintiff filed a complaint with the NYSDHR related to the conduct at issue in this litigation which was assessed on the merits rather than dismissed for any of the above-noted reasons. Despite this finding on the merits, Plaintiff has attempted to bring her state law claims in a federal district court in contravention of the procedures outlined in N.Y. Exec. Law §297(9). "Although Plaintiff commenced this litigation *pro se*, the Court cannot remedy this statutory bar." *Thorpe v. Piedmont Airlines, Inc.*, 926 F. Supp. 2d 453, 461 (N.D.N.Y. 2013) (Kahn, J.). As a result, the Court finds that it lacks subject-matter jurisdiction over any claims asserted by Plaintiff pursuant to the NYSHRL. Fed. R. Civ. P. 12(h)(3).[3]

For all of these reasons, the Court finds that it does not have subject-matter jurisdiction over Plaintiff's claims pursuant to the NYSHRL and therefore any such claims against Defendant must also be dismissed. Again, because the defect in such claims is substantive and not merely formal, the Court finds that better pleading will not cure it; thus, the claims are dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

---

[3] The Court notes that, "once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York." *York v. Ass'n of the Bar*, 286 F.3d 122, 127 (2d Cir. 2002) (citing N.Y. Exec. Law §298). Here, Plaintiff "failed to appeal the adverse ruling[] by the NYSDHR to the Supreme Court of the State of New York, and instead attempted to relitigate her claims in the United States District Court, in contravention of the statutory and code schemes detailed above." *York*, 286 F.3d at 127. As a result, to the extent Plaintiff is seeking to appeal the decision of the NYSDHR, that claim is also dismissed because the Court lacks subject-matter jurisdiction over it.

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**; and it is further

**ORDERED** that the Clerk of the Court shall close this action.

Dated: March 6, 2019
     Syracuse, New York

                                        Hon. Glenn T. Suddaby
                                        Chief U.S. District Judge